O’DONNELL, Senior Judge,
concurring in part and dissenting in part:
I agree that Fretz’ statement inculpating the appellant was inadmissible because it was uncorroborated. I disagree, however, as to the disposition of the case, as I believe that the charges should be dismissed for insufficient evidence.
In my view, uncorroborated statements against penal interest inculpating an accused should be treated the same as uncorroborated statements of an accused. That is to say, not only are such statements inadmissible but, additionally, a conviction may not be based on them. This was the case under the corroboration rule in the 1951 Manual (see, e.g., United States v. Smith, 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962)), as well as under the less stringent corroboration rule in the 1969 Manual. See, e.g., United States v. McMurray, 6 M.J. 348 (C.M.A.1979). Presumably, this is also the case under Military Rule of Evidence 304(g) as no change was contemplated by the drafters of the new rule except with respect to submission of the issue to the members of the court. See Manual for Courts-Martial, United States, 1969 (Revised edition), Analysis of the Military Rules of Evidence at A 18-22-23.
I see no reason for having a different result for third-party statements inculpating an accused. In fact, in view of the suspect nature of such statements, there is an even stronger reason for applying the rule to these statements. As the conviction in this case was based almost exclusively on the Fretz statement, the evidence is insufficient and the charges should be dismissed. See United States v. Alvarez, 584 F.2d 694, 702 (5th Cir.1978). Indeed, even if I were to consider the Fretz statement, I would not be satisfied beyond a reasonable doubt of the appellant’s guilt. Under the circumstances, the charges should be dismissed. *770 Article 66(d), Uniform Code of Military Justice, 10 U.S.C. § 866(d) (1976); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 92a.